Argued and submitted January 15, ballot title referred to Attorney General for modification February 7, 2002
Modified ballot title certified February 25, 2002 (333 Or 416, 41 P3d 403)

David J. HUNNICUTT
and Lawrence B. George,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49001 (Control))

Jonathan POISNER,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49019)
(Cases Consolidated)

39 P3d 190

David J. Hunnicutt, Tigard, argued the cause and filed the petition for himself and petitioner George.

Charles Swindells, Portland, argued the cause and filed the petition for petitioner Poisner.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause and filed the answering memoranda for respondent. With her on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

GILLETTE, J.

In these consolidated ballot title review proceedings, petitioners variously challenge all parts of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 119 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). *See* ORS 250.085(5) (setting out that standard of review).

The substantive part of the proposed measure states:

"Any amendments made to Section 18 of Article I of the Constitution of the State of Oregon by the people at the general election held November 7, 2000, are hereby repealed."

The purpose and effect of the proposed measure, if adopted, would be to repeal Ballot Measure 7 (2000) (Measure 7), an initiative measure approved by the people in November 2000, the constitutional validity of which presently is before this court in two cases, *League of Oregon Cities v. State of Oregon* (S48450) and *McCall v. Kitzhaber* (S48451). There was no other "amendment[ ] made to Section 18 of Article I of the Constitution of the State of Oregon by the people at the general election held November 7, 2000."

Before the November 2000 general election, Article I, section 18, of the Oregon Constitution, provided, in part:

"Private property shall not be taken for public use * * * without just compensation; nor * * * in the case of the state, without such compensation first assessed and tendered[.]"

Measure 7 would add to the foregoing "just compensation" or "takings" provision of the Oregon Constitution a requirement that, with certain exceptions, governments reimburse private property owners for any diminution in the value of their land caused by governmental regulation.[1]

---

[1] The trial court in *League of Oregon Cities* and *McCall* issued a temporary injunction in December 2000 that prevented Measure 7 from going into effect. In March 2001, the trial court issued a judgment declaring that Measure 7 had not become effective and was not part of the Oregon Constitution. That judgment

We first consider the Attorney General's caption. ORS 250.035(2)(a) requires that a ballot title contain a caption of not more than 15 words (not counting, in the case of a proposed constitutional amendment, the words "amends constitution") that "reasonably identifies the subject matter of the state measure." The Attorney General's caption for the proposed initiative measure states:

"AMENDS CONSTITUTION: REPEALS ANY 2000 AMENDMENTS TO CONSTITUTIONAL PROVISION FOR JUST COMPENSATION WHEN GOVERNMENT TAKES PRIVATE PROPERTY"

Petitioner Poisner objects to the Attorney General's use in the caption of the description, "amendment[ ] to [Oregon's] constitutional provision for just compensation when government takes private property." Petitioner Poisner acknowledges that Measure 7 indeed purports to *add* considerable wording to Article I, section 18, the "just compensation" provision, but, he asserts, none of that added wording "amends" the "just compensation" wording that already is in the constitutional provision and would remain there. Instead, he argues, the effect of Measure 7 would be cumulative, and the ballot title caption should reflect that.

We agree. As presently worded, the caption could create the misimpression that, in voting to repeal "any amendments" to Article I, section 18, made in the year 2000, a voter would be voting to modify or eliminate the constitutional right to "just compensation" itself. The matter must be referred to the Attorney General for modification.

Petitioner Poisner offers additional objections and suggestions respecting all parts of the ballot title, but we find none to be well taken. We turn to the arguments of petitioners Hunnicutt and George.

Petitioners Hunnicutt and George offer arguments concerning all the parts of the Attorney General's certified ballot title. We conclude that one, concerning the summary, is well taken. Petitioners Hunnicutt and George object to the

---

remains in place, pending this court's determination of the constitutional validity of Measure 7.

inclusion in the Attorney General's certified summary of the following sentence: "[Measure 7] did not include any funding mechanism to pay for compensation claims." Petitioners Hunnicutt and George assert that the foregoing sentence, although it might tell voters something about Measure 7, tells them nothing about the proposed measure to which the Attorney General's summary is supposed to relate. We agree. The sentence should be omitted.

Ballot title referred to Attorney General for modification.